**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SHANNON LEE FRYMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-CV-327-GKF-PJC |
| ) | |
| WEST TELEMARKETING, L.P., ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court are the Motion for Summary Judgment [Docket No. 12] of defendant West Telemarketing, L.P. ("West") and West's Motion for Judgment on the Pleadings [Docket No. 29].

1.  West's Motion for Judgment on the Pleadings

A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6). *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000). A dismissal under Rule 12(b)(6) should be granted only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief. *Id*.

West first argues that the Complaint does not allege that plaintiff Shannon Lee Fryman ("Fryman") was an FMLA eligible employee or that Fryman worked at least 1,250 hours at West during the 12-month period prior to her leave request. However, in paragraphs 4 and 6 of her Complaint, Fryman alleges that she "was granted a leave pursuant to the FMLA," and that "her termination [was] in violation of 29 U.S.C. § 2615 [the FMLA]." It can be reasonably inferred from these allegations that Fryman is alleging her eligibility and/or entitlement to rights under the FMLA.

West also argues that the Complaint does not contain allegations of "facts that would support estoppel as an alternate basis of liability." However, as noted above, Fryman affirmatively alleges

that she was granted a leave pursuant to the FMLA and that her termination was in violation of the FMLA. Furthermore, the central substantive issue previously briefed by the parties in the motion for summary judgment discussed below is the issue of equitable estoppel and the subsidiary issue of detrimental reliance.

Finally, even if a court were to determine that Fryman's Complaint contains technical defects, such defects could easily be cured by amendment.

Upon review of the Complaint and the briefs filed by the parties, this Court concludes that West's Motion for Judgment on the Pleadings filed March 30, 2007 should be denied.

2.   West's Motion for Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When applying this standard, a court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Wolf v. Prudential Insurance Company of America*, 50 F.3d 793, 796 (10th Cir. 1995). The movant for summary judgment must meet the initial burden of showing the absence of a genuine issue of material fact, then the non-movant must set forth specific facts "showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Id.* An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant. *Id.*, citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The parties do not dispute the material facts. Fryman began work for West on October 27, 2003. Within her first year of employment, Fryman requested and took medical leave on four

occasions and received no negative or adverse treatment from West as a consequence of taking the leave.[1]  On November 16, 2004, and November 17, 2004, Fryman called in ill.  On November 17, 2004, Fryman requested medical leave.  On November 18, 2004, West granted Fryman's leave request, calling it an "FMLA Intermittent Leave of Absence."  During the twelve month period immediately preceding Fryman's November 17 request for leave, Fryman worked 1,097.06 hours.[2]  From November 17, 2004 until her termination on December 23, 2004, Fryman worked seven days for a total of 16 hours and 24 minutes.

In Fryman's sworn deposition, West's counsel asked the following questions and Fryman gave the following answers:

> Q:  All right.  So there were – were times during this two and a half – two – well, I guess it was about a five-week period [November 16, 2004 to December 23, 2004] that you were able to perform your daily functions; correct?
>
> A:  On occasion, yes.
>
> Q:  Okay.  Did you go in to work on each time that you were able to perform your daily functions?
>
> A:  Yes.

[Docket No. 12-3 at 24 of 27].  In response to West's motion for summary judgment, Fryman stated in an affidavit that "[h]ad West, instead of approving my leave, informed me that it did not believe

---

[1] Fryman took leave from February 18, 2004 to February 26, 2004 for a tooth infection, from July 6, 2004 to July 11, 2004 for an inner ear infection, from August 31, 2004 to September 5, 2004 for a tailbone injury, and from October 20, 2004 to October 22, 2004 for fatigue related to depression.

[2] Fryman disputes West's calculation of hours, but the dispute does not raise a genuine issue of material fact.  Fryman contends she worked an additional two to fifteen minutes each day attributable to logging onto her computer.  Assuming she worked her scheduled five days per week for each of the fifty-two weeks in the previous year (which she did not do) and that it took her a full 15 minutes to log onto her computer, the alleged unrecorded time totals sixty-five (65) hours, for a total of 1,162.06 hours – still short of the 1,250 hour requirement.

3

that I was FMLA-eligible due to my number of work hours, I would have worked additional hours to become eligible under the FMLA prior to actually taking the leave."

West says Fryman was not an "eligible employee" for FMLA leave. Under the FMLA, an eligible employee must work for at least 12 months and have at least 1,250 hours of service with the employer during the previous 12-month period. 29 U.S.C. § 2611(2)(A)(i) and (ii). Fryman had not completed 1,250 hours of service within the 12 months preceding her leave request.

In response, Fryman argues that West is equitably estopped from denying that she is eligible under the FMLA because West approved her leave request as FMLA leave.

The parties agree the Tenth Circuit Court of Appeals has not yet determined whether equitable estoppel may apply under certain circumstances in an FMLA action. However, several circuit courts have recognized that employers may be equitably estopped from denying FMLA benefits under certain circumstances. *See Minard v. ITC Deltacom Communications, Inc.*, 447 F.3d 352 (5th Cir. 2006); *Sorrell v. Rinker Materials Corp.*, 395 F.3d 332 (6th Cir. 2005); *Kosakow v. New Rochelle Radiology Associates*, 274 F.3d 706 (2nd Cir. 2001) (applying estoppel when plaintiff could have elected to postpone surgery until after FMLA requirements met); *Dormeyer v. Comerica Bank-Illinois*, 223 F.3d 579 (7th Cir. 2000). This court concludes that under certain circumstances, an employer may be equitably estopped from denying FMLA benefits, but that, for the reasons set forth below, the circumstances in this case do not warrant application of the doctrine.

Equitable estoppel requires detrimental reliance. *Barnes v. The Armed Forces Bank*, 313 F. Supp. 2d 1095, 1108 (D. Kan. 2004); *aff'd* 126 Fed. Appx. 905 (10th Cir. 2005) (employee could not establish critical element of detrimental reliance upon the alleged promise of intermittent FMLA

leave). Fryman must show detrimental reliance when, on November 18, 2004, West granted her leave request and called it an "FMLA Intermittent Leave of Absence."

In support of her assertion of detrimental reliance, Fryman states in her affidavit that if West had informed her she was not FMLA-eligible due to her work hours, she would have worked additional hours to become eligible. Fryman has presented no evidence that, when she requested leave on November 17, 2004, she expected the leave would be FMLA-protected. Moreover, Fryman's affidavit is contrary to her prior sworn testimony and her pleadings. Fryman's Complaint states at Paragraph 3 that, "[i]n December of 2004, Plaintiff suffered from a serious health condition that required her to be absent from work." Fryman admitted in her deposition that from mid-November, 2004, she was intermittently and increasingly incapacitated by her medical condition with headaches, fatigue, drowsiness, and short term memory loss. [Docket No. 12-3, pages 19-23]. As set forth above, Fryman stated in her deposition that she worked each time she was able to work. She worked 16 hours and 24 minutes from November 17, 2004 to December 23, 2004.

In *Franks v. Nimmo*, 796 F.2d 1230 (10th Cir. 1986), the Tenth Circuit Court of Appeals stated:

> There is authority for the proposition that in determining whether a material issue of fact exists, an affidavit may not be disregarded because it conflicts with the affiant's prior sworn statements. In assessing a conflict under these circumstances, however, courts will disregard a contrary affidavit when they conclude that it constitutes an attempt to create a sham fact issue. [citations omitted]. Underlying those decisions is the conclusion that the utility of summary judgment as a procedure for screening out sham fact issues would be greatly undermined if a party could create an issue of fact merely by submitting an affidavit contradicting his own prior testimony [citation omitted].
> Factors relevant to the existence of a sham fact issue include whether the affiant was cross-examined during his earlier testimony, whether the affiant had access to the pertinent evidence at the time of his

> earlier testimony or whether the affidavit was based on newly discovered evidence, and whether the earlier testimony reflects confusion which the affidavit attempts to explain.

*Franks*, 796 F.2d at 1237 (citations omitted). These factors convince the court that Ms. Fryman's affidavit should be disregarded in considering the propriety of summary judgment. Fryman was represented by counsel during her deposition and no objections were posed to the questions that elicited her testimony. Fryman clearly had access to the pertinent evidence at the time of her deposition and has not suggested otherwise. The testimony does not reflect confusion which the affidavit attempts to explain.

For the reasons set forth above, the court concludes Fryman has not demonstrated detrimental reliance to support her contention that West should be equitably estopped from denying that Fryman was FMLA-eligible.

WHEREFORE, defendant West Telemarketing, L.P.'s Motion for Judgment on the Pleadings [Docket No. 29] is denied, and West's Motion for Summary Judgment [Docket No. 12] is granted.

IT IS SO ORDERED this 4th day of June 2007.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma